IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID HALL CRUM, # 420815 | * | |
| Petitioner | * | |
| v | * | Civil Action No. RDB-14-535 |
| WARDEN, FRANK B. BISHOP, JR. | * | |
| ATTORNEY GENERAL DOUGLAS F. GANSLER, | * | |
| Respondents | * | |

## MEMORANDUM OPINION

Respondents request dismissal of David Hall Crum's (Crum") Petition for Writ of Habeas Corpus as unexhausted. (ECF No. 6). Crum has replied in opposition. (ECF No. 10 and 11).[1] After considering the filings, this Court finds that a hearing is unnecessary. *See* Local Rule 105.6 (Md. 2011). For reasons to follow, the Petition will be DISMISSED without prejudice for lack of exhaustion and a Certificate of Appealability will be DENIED.

## BACKGROUND

In this case, Crum is challenging his guilty plea to first-degree burglary. On October 31, 2013, in the Circuit Court for Montgomery County, Crum entered a guilty plea to one count of first-degree burglary. (Resp. Exhibit 1 at 7; ECF No. 6). On December 3, 2013, Crum was sentenced to serve four years incarceration. (Resp. Exhibit 1 at 9; ECF No. 6). Crum did not file an application for leave to appeal the entry of his plea, and his judgment of conviction became final for direct appeal purposes on January 2, 2014, when the time for filing an application for leave to appeal expired. *See* Md. Rule 8-204 (application for leave to appeal to be filed within 30 days of date of judgment from which appeal sought). Crum has not initiated state post-conviction

---

[1] Crum filed identical replies on different days. (ECF No. 10 and 11)

proceedings. *Id.* His motion for reconsideration of sentence was denied by the trial court. (Resp. Exhibit 1 at 9-10; ECF No. 6).

## DISCUSSION

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. *See* 28 U.S.C. §2254(b)&(c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction. In Maryland, a petitioner convicted in a criminal case may satisfy this requirement on direct appeal or by way of post-conviction proceedings.

To exhaust a claim on direct appeal in non-capital cases, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of certiorari. *See* Md. Cts. & Jud. Proc. Code Ann., §12-201 and §12-301. If an appeal of right is not permitted, as in cases where a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Court of Special Appeals. *See* Md. Cts. & Jud. Proc. Code Ann., §12-302(e). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. Md. Cts. & Jud. Proc. Code Ann., §12-202. If, however, the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *See Williams v. State*, 292 Md. 201, 210-11 (1981). To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. *See* Md. Crim. Proc. Code Ann. §7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* Md. Cts. & Jud. Proc. Code Ann., §12-202. However,

if the application is granted but relief on the merits of the claim is denied, a petitioner must file for writ of certiorari to the Court of Appeals.

In his Petition, Crum claims (1) he was denied his constitutional right to counsel; (2) he was denied due process of law; (3) he was denied equal protection of the law; and (4) his trial counsel was ineffective. (ECF No. 1). Notably, Crum acknowledges his claims are being presented for the first time. *Id.* at 6. Respondents aver Crum's claims are unexhausted because he neither pursued direct appellate relief from the entry of his plea and sentence nor has he sought state post-conviction relief.

In reply, Crum states he has only fourteen months remaining on his term of incarceration[2] and seeks a waiver of the exhaustion requirement. Crum asserts the exhaustion process is sufficiently protracted that requiring him to exhaust his state court remedies will be "useless and ineffective." (ECF No. 10, p. 4). He baldly claims the state post-conviction "system is unconstitutionally inadequate." (ECF No. 1, pp. 3-4). Respondents, however, have indicated they do not waive the exhaustion requirement. (ECF No. 6, p. 8). As the Supreme Court has stated,"[i]t is true that exhaustion of state remedies takes time. But there is no reason to assume that state prison administrators or state courts will not act expeditiously." *Preiser* 411 U.S. at 494-95 (1973). In sum, a Petition for a Writ of Habeas corpus is not a substitute for pursuing state judicial remedies. *See* 28 U.S.C. § 2254(b).

## CERTIFICATE OF APPEALABILITY

There is no absolute entitlement to appeal a district court's denial of his habeas corpus request. *See* 28 U.S.C. § 2253(c)(1). A Certificate of Appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at §

---

[2] According to Crum, om January 20, 2014, the Maryland Parole Commission granted him a release date of July 31, 2015. (ECF No. 10, p. 3).

2253(c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Crum does not demonstrate entitlement to a COA. Accordingly, the Petition will be dismissed without prejudice and a Certificate of Appealability will be denied by separate order to follow.

July 1, 2014
Date

/s/ Richard D. Bennett
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE